UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | The Honorable Colleen McMahon |
| | Civil Action No.: 1:18-cv-08535-CM-KHP |
| Plaintiff, | |
| v. | |
| GROUP HEALTH INCORPORATED and MULTIPLAN INC., | |
| | Oral Argument Requested |
| Defendants. | |

---

## DEFENDANT GROUP HEALTH INCORPORATED'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ  07052
(973) 325-1500

11 Times Square
New York, New York 10036
(212) 973-0572
Attorneys for Defendant
Group Health Incorporated

On the Brief:

Adam K. Derman
Scott C. Hollander

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

LEGAL ARGUMENT............................................................................................................. 3

POINT I  PLAINTIFF'S COMPLAINT  "RELATES TO" THE PARTICIPANT'S
         ERISA PLAN.................................................................................................... 3

POINT  II    PLAINTIFF'S  STATE  LAW  CLAIMS  DO  NOT  EXIST
           INDEPENDENTLY OF ERISA'S STATUTORY SCHEME ........................................... 6

CONCLUSION.................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Boey Chau v. Hartford Life Ins. Co.,
  167 F.Supp.3d 564 (S.D.N.Y. 2016)..........................................................................................6

Cicio v. Vytra Healthcare,
  208 F.Supp.2d 288 (E.D.N.Y. 2001) ..........................................................................................5

Curtiss – Wright Corp. v. Schoonejongen,
  514 U.S. 73 .................................................................................................................................5

Diduck v. Kaszycki & Sons Contractors, Inc.,
  974 F.2d 270 (2d Cir. 1992).......................................................................................................6

Gilbert v. Burlington Indus., Inc.,
  765 F.2d 320 (2d Cir. 1985).......................................................................................................6

Ingersoll-Rand Co. v. McClendon,
  498 U.S. 133 (1990)....................................................................................................................4

Kennedy v. Plan Administrator of DuPont Savings & Investment Plan,
  555 U.S. 285 (2009)....................................................................................................................5

Paneccasio v. Unisource Worldwide, Inc.,
  532 F.3d 101 (2d Cir. 2008).......................................................................................................3

Perreca v. Gluck,
  295 F.3d 215 (2d Cir. 2002).......................................................................................................5

Pilot Life Ins. Co. v. Dedeaux,
  481 U.S. 41 (1987).................................................................................................................3, 4

Rojas v. Cigna Health and Life Ins. Co.,
  793 F.3d 253 (2d Cir 2015)........................................................................................................5

Romney v. Lin,
  94 F.3d 74 (2d Cir. 1996)...........................................................................................................6

Smith v. Dunham-Bush, Inc.,
  959 F.2d 6 (2d Cir. 1992)...........................................................................................................3

**Statutes**

28 U.S.C. §§ 1331.............................................................................................................................2

7838460.1

28 U.S.C. §§ 1332 .................................................................................................................. 2

29 U.S.C. § 1002(1) ............................................................................................................. 3

29 U.S.C. § 1132(a) ............................................................................................................. 4

29 U.S.C. § 1132(e)(1) ........................................................................................................ 6

29 U.S.C. § 1144(a) ............................................................................................................. 3

7838460.1

PRELIMINARY STATEMENT

Defendant Group Health Incorporated ("GHI") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of the plaintiff Jeffrey Farkas, M.D., LLC, d/b/a Interventional Neuro Associates ("Plaintiff" or "Farkas") for failure to state a claim upon which relief may be granted.

This lawsuit stems from brain surgery which a Plaintiff-affiliated physician performed on a patient identified as "Noe S." ("Participant") on or about May 23, 2017.  On the date of service, the Participant had health coverage through a Health Maintenance Organization ("HMO") health plan (the "Plan") operated by Health Insurance Plan of Greater New York, a sister company of GHI, both of which are under the EmblemHealth umbrella of companies.  As a plan established or maintained by an employer or employee organization for the purpose of providing medical benefits to its employees and their dependents, there is no dispute that the Plan is an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA").

At issue in the instant action is a surgery performed by an out-of-network provider group that submitted charges to the Plan (via GHI) in the amount of $107,000.00.  Pursuant to its prescribed out-of-network benefits, the Plan paid the applicable allowance of $9,109.35.  Plaintiff alleges that the Plan underpaid Plaintiff, and that as a result Plaintiff is entitled to judgment against GHI for the difference between what it billed and what the Plan paid.

At its core, this is a dispute over health benefits, with Plaintiff arguing that it is entitled to something more than what the Plan's terms provide.  Because there is no dispute that the Plan is an ERISA plan, ERISA supersedes any state law claims, such as those pleaded in the Complaint, that "relate to" the Plan.  To the extent a cause of action exists to recover additional Plan benefits, the exclusive vehicle by which the Plaintiff or the Participant may pursue that action is

7838460.1

through ERISA's statutory enforcement scheme.  The single state law breach of contract cause of action pleaded in the Complaint has no independent viability and is preempted by ERISA. Therefore the Court must dismiss the Complaint with prejudice.

<u>STATEMENT OF FACTS</u>

On or about May 23, 2017, a physician purportedly affiliated with Plaintiff, an out-of-network group of medical providers, performed a brain procedure on the Participant.  (<u>See</u> Complaint, attached to the Declaration of Scott C. Hollander In Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Hollander Decl.") as <u>Exhibit A</u>, ¶ 7).  At the time of the procedures, the Participant had health coverage through the Plan, a GHI HMO program.  (<u>See</u> HMO Contract, attached to the Hollander Decl. as <u>Exhibit B</u>).  The Plan is an employee welfare benefit plan as defined by ERISA insomuch as it is a plan, fund or program established or maintained by an employer or employee organization for providing medical benefits to its participants and their dependents.  According to the Complaint, the Plan paid $9,109.35 out of total billed charges of $107,000.00.  (<u>See</u> Hollander Decl., <u>Exhibit A</u>, at ¶¶ 17-21).

On or about August 16, 2018, Plaintiff, a healthcare provider, commenced this action in the Supreme Court of the State of New York, County of New York, against GHI and MultiPlan, Inc. ("MultiPlan") as a consequence of GHI's alleged denial of sufficient payment to Farkas for medical services it rendered to the Plan Participant.  (<u>See</u> Hollander Decl., <u>Exhibit A</u>).  On September 19, 2018 GHI removed this action to Federal Court on the basis that this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, and diversity jurisdiction pursuant to 28 U.S.C. §§ 1332.  (<u>See</u> Notice of Removal, attached to the Hollander Decl. as <u>Exhibit C</u>).

As set forth below, the foregoing facts establish that the Plan is governed by ERISA, and that Plaintiff filed this lawsuit out of dissatisfaction with the payment received from GHI.  The Complaint fits squarely within ERISA's statutory scheme inasmuch as the case "relates to"

2

ERISA.  Therefore, the Court must dismiss Plaintiff's Complaint insomuch as it is preempted by ERISA.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT
### "RELATES TO" THE PARTICIPANT'S ERISA PLAN

As the HMO contract confirms, the Plan is an "employee welfare benefit plan" as defined by ERISA in that it is a plan, fund, or program established or maintained by an employer or employee organization for the purpose of providing medical benefits to its participants and their beneficiaries.  (See HMO Contract, attached to the Hollander Decl. as Exhibit C).  See also 29 U.S.C. § 1002(1).  ERISA § 514 contains a broad preemption clause, which expressly provides that the federal statute "shall supersede any and all State laws insofar as they may not or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  A state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan."  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). The phrase "relates to" is "deliberately expansive," and designed to establish plan regulation as "exclusively a federal concern." Id. at 46 (internal citations omitted).

The Supreme Court has explained that:

> The pre-emption clause [of ERISA] is conspicuous for its breadth. Its deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern. The key to § 514(a) is found in the words "relate to." Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause applicable only to state laws relating to the specific subjects covered by ERISA. Moreover, to underscore its intent that § 514(a) be expansively applied, Congress used equally broad language in defining the "State law" that would be pre-empted. Such laws include "all laws, decisions, rules, regulations, or other State action having the effect of law." § 514(c)(1).

3

Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138–39 (1990).  The logic behind such a broad sweep is self-evident. By preempting the field of  employee benefit administration, in which plans often enroll participants and beneficiaries located in more than one state, ERISA eliminates the threat of conflicting or inconsistent state regulation of employee benefit plans through a patchwork of unique state laws. See Pilot Life, 481 U.S. at 45-46.

In accordance with this deliberately expansive language of ERISA § 514, courts have construed ERISA to preempt a broad range of state law claims related to demands for payment of ERISA benefits, including negligence, breach of contract, estoppel, misrepresentation, and the like. See, e.g., Pilot Life, supra; Smith v. Dunham-Bush, Inc., 959 F.2d 6, 10 (2d Cir. 1992); Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 114 (2d Cir. 2008). To the extent a claim relates to the alleged wrongful denial, termination, or limitation of benefits, the exclusive vehicle by which to recover those benefits is through ERISA § 502(a), the statute's civil enforcement provision, codified at 29 U.S.C. § 1132(a).  See Pilot Life, 481 U.S. at 52.

There can be no doubt that the single breach of contract count found in the Complaint "relates to" the Participant's ERISA plan and is therefore preempted. The fact that Plaintiff focuses on a "single case agreement" does not take it out of the ERISA statutory scheme. A single case agreement (the payment of a specific amount for a specific medical service), is a quintessential managed care function.

Notably, the Complaint does not allege that GHI acted ultra vires or contrary to a Plan term.  If anything, Plaintiff's allegations only confirm that the benefits administration process (which includes third-parties such as MultiPlan, Inc.) unfolded consistent with this Plan's terms and the ERISA statutory scheme.  The Complaint reflects that the Plan paid an out-of-network benefit, and nothing in the Complaint suggests that the Plan ventured outside of its legal

4

obligation to pay anything more or less than the prescribed benefit. <u>See</u> <u>Kennedy v. Plan Administrator of DuPont Savings & Investment Plan</u>, 555 U.S. 285, 300 (2009) ("The plan administrator did its statutory ERISA duty by paying the benefits …in conformity with the plan documents….The plan administrator is obliged to act in accordance with the documents and instruments governing the plan"); <u>Curtiss – Wright Corp. v. Schoonejongen</u>, 514 U.S. 73, 83(1995) (ERISA's statutory scheme "is built around reliance on the face of written plan documents"); <u>Perreca v. Gluck</u>, 295 F.3d 215, 225 (2d Cir. 2002) (noting that requirement that plan terms be in writing "protects the plan's actuarial soundness by preventing plan administrators from contracting to pay benefits to persons not entitled to such under the express terms of the plan").

Despite how it has pled its Complaint, GHI is only being sued because Plaintiff seeks to obtain additional economic reimbursement for the Participant's medical, surgical or hospital care – i.e., "ERISA benefits." <u>See</u>, <u>e.g.</u>, <u>Rojas v. Cigna Health and Life Ins. Co.</u>, 793 F.3d 253 (2d Cir 2015) (noting that while ERISA does not expressly define "benefits," case law has generally come to construe the term as the "bargained-for goods" set forth in the participant's plan documents – i.e., costs associated with medical, surgical, and hospital care). This strikes at the heart of the Plan, and Plaintiff cannot evade ERISA's preemptive scope by artfully crafting a demand for additional Plan benefits as one of breach of contract – an artificial construct designed to avoid ERISA. If Plaintiff or the Participant feel that they have a bona fide claim for additional plan benefits, they must assert that claim through ERISA § 502(a).

## POINT II

## PLAINTIFF'S STATE LAW CLAIMS DO NOT EXIST INDEPENDENTLY OF ERISA'S STATUTORY SCHEME

Plaintiff's Complaint presents an uncomplicated narrative whereby Plaintiff sought to perform services for a GHI insured, billed GHI, received payment, and now is suing to receive additional payment.   Plaintiff's interactions with GHI were routine, and do not exist independently of ERISA.   ERISA § 514, the applicable provision here, provides that ERISA shall "supersede any and all State laws insofar as they may … relate to any employee benefit plan."   This provision operates as a federal defense to a state-law claim related to ERISA, irrespective of whether the claim is pending in federal or state Court.   See 29 U.S.C. § 1132(e)(1).

It is well-settled that claims seeking to enforce rights to benefits under ERISA plans may only be brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).   See Cicio v. Vytra Healthcare, 208 F.Supp.2d 288 (E.D.N.Y. 2001), decl'd, 321 F.3d 82 (2d Cir. 2003); Romney v. Lin, 94 F.3d 74, 77 (2d Cir. 1996).   "ERISA preemption is not limited to state laws that specifically affect employee benefit plans; it extends to state common-law contract and tort actions that relate to benefits as well."   See Boey Chau v. Hartford Life Ins. Co., 167 F.Supp.3d 564, 571 (S.D.N.Y. 2016) (citation omitted).   The phrase "'[r]elates to' must be construed in its 'normal sense' – that is, a state law claim is preempted 'if it has a connection with or reference to such a plan.'"   See Gilbert v. Burlington Indus., Inc., 765 F.2d 320, 326-27 (2d Cir. 1985) (internal quotation and citation omitted).   "A state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted."   See Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 288 (2d Cir. 1992).

7838460.1

This is a textbook case of a provider seeking additional reimbursement as a result of services performed on an insured.  No matter how Plaintiff seeks to complicate this matter, it is simply not an "outlier" – to the contrary, this is a textbook benefits dispute, and as such the state-law Complaint is superseded by ERISA § 514.

<u>CONCLUSION</u>

For the foregoing reasons, defendant GHI's motion should be granted and the Plaintiff's Complaint should be dismissed with prejudice.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Defendant
Group Health Incorporated

By: _s/ Adam K. Derman_____
        ADAM K. DERMAN

Dated:  September 26, 2018

7

7838460.1