Adam K. Derman
Scott C. Hollander
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
(973) 325-1500
Attorneys for Defendant
Group Health Incorporated

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | Civil Action No.: 1:18-cv-08535-CM-KHP |
| Plaintiff, | |
| v. | DECLARATION OF SCOTT C. HOLLANDER IN SUPPORT OF DEFENDANT GROUP HEALTH INCORPORATED'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| GROUP HEALTH INCORPORATED and MULTIPLAN INC., | |
| Defendants. | |

SCOTT C. HOLLANDER, of full age, hereby declares as follows:

1.     I am an attorney-at-law of the State of New Jersey and an associate of the law firm of Chiesa Shahinian & Giantomasi PC, counsel for defendant Group Health Incorporated ("GHI") in this action.  I am fully familiar with the facts set forth herein and I submit this Declaration in support of GHI's motion to dismiss the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

2.     Attached hereto as Exhibit A is a copy of the plaintiff's Complaint in which the plaintiff asserts a single cause of action against GHI for breach of contract, GHI's alleged denial of payment to Plaintiff for medical services it rendered to "Noe S.", the Plan participant on or about May 23, 2017.

7838436.1

3.    Attached hereto as <u>Exhibit B</u> is a copy of relevant portions of the HMO Plan sponsored by Health Insurance Plan of New York, a sister company of GHI under the EmblemHealth umbrella.

4.    Attached hereto as <u>Exhibit C</u> is Highmark's Notice of Removal to Federal Court, dated May 25, 2018.

I declare under penalty of perjury that the foregoing statements made by me are true and correct.

/s/ Scott C. Hollander           <br>
SCOTT C. HOLLANDER

Dated:  September 26, 2018

7838436.1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JEFFREY FARKAS, M.D., LLC, d/b/a
INTERVENTIONAL NEURO ASSOCIATES,

                    Plaintiff,

          -against-

GROUP HEALTH INCORPORATED and
MULTIPLAN INC.,

                    Defendants.

Index No. _____

**SUMMONS**

Plaintiff designates
New York County as the
place of trial based
upon Defendants' residence.

**TO THE ABOVE-NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED**, to answer the Complaint in this action and to
serve a copy of your Answer on the Plaintiffs' attorneys within twenty (20) days after the service
of this Summons, exclusive of the day of service, or within thirty (30) days after the completion
of service or service made in any manner other than personal delivery within the State of New
York. In case of your failure to appear or answer, judgment will be taken against you by default
for the relief demanded in the Complaint.

Dated: New York, New York
      August 15, 2018

                           SCHWARTZ SLADKUS REICH
                           GREENBERG ATLAS LLP
                           *Attorneys for Plaintiff*

                    By:
                           Michael Gottlieb
                           270 Madison Avenue
                           New York, New York 10016
                           (212) 743-7000

Defendants' Addresses:

Group Health Incorporated
441 Ninth Avenue
New York, New York, 10001

MultiPlan Inc.
115 Fifth Avenue
New York, New York, 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, <br><br> Plaintiff, <br><br> -against- <br><br> GROUP HEALTH INCORPORATED and MULTIPLAN INC., <br><br> Defendants. | Index No. _____ <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Jeffrey Farkas, M.D., LLC, d/b/a Interventional Neuro Associates ("Plaintiff"), by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Group Health Incorporated ("Defendant GHI"), and MultiPlan Inc. ("Defendant MultiPlan") (collectively, "Defendants"), alleges as follows:

### PARTIES

1. Plaintiff is a New Jersey limited liability company registered to do business in the State of New York with a principal place of business at 43 Westminster Avenue, Bergenfield, New Jersey, 07261.

2. Upon information and belief, Defendant GHI is a New York corporation with its principal place of business at 441 Ninth Avenue, New York, New York, 10001.

3. Upon information and belief, Defendant MultiPlan is a New York corporation with its principal place of business at 115 Fifth Avenue, New York, New York, 10003.

### FACTUAL BACKGROUND

4. Plaintiff is a medical provider comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck.

5.      Plaintiff's doctors perform major brain surgery in emergency, and often lifesaving, situations.

6.      Upon information and belief, Defendant GHI is primarily engaged in the business of providing and/or administering health care plans or policies.

7.      On May 23, 2017, Plaintiff's physicians performed emergency brain surgery on Defendant GHI's member, Noe S. ("Patient"), in the NYU Langone Medical Center in Brooklyn, New York, after Patient suffered a parietal lobar intracranial hemorrhage, also known as a stroke. (See, OP Report, attached hereto as **Exhibit A**.)

8.      Subsequently, Plaintiff submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant GHI demanding payment for the performed treatment in the total amount of $137,386.77. (See, HCFA, attached hereto as **Exhibit B**.)

9.      As an out-of-network provider, Plaintiff does not have a network contract with Defendant GHI that would determine or limit payment for Plaintiff's treatment of Defendant GHI's members.

10.     On or around August 23, 2017, Plaintiff received a single-case agreement (hereinafter referred to as the "Agreement") from Defendant MultiPlan to accept $107,000.00 from Defendant GHI, as payment in full for Plaintiff's medical services. (See, Agreement, attached hereto as **Exhibit C**.)

11.     The Agreement specifically indicates that payment would be released "within 4 business days from date of receipt of faxed/digital signature." *Id.*

12.     The Agreement further indicates that by accepting $107,000.00 as payment in full for Plaintiff's services, Plaintiff agrees "not to balance bill the Patient for the difference between the Amount of the Claim/Bill and the Agreed Amount." *Id.*

13.    On August 23, 2017, Plaintiff accepted Defendant MultiPlan's proposed Agreement by signing and submitting it to Defendant MultiPlan, as per the instructions set forth in the Agreement.

14.    As of November 13, 2017, Plaintiff had still not received any payment from either Defendant for Plaintiff's treatment of Patient.

15.    Therefore, on November 13, 2017, Defendant submitted a "First Level Appeal" demanding payment in the amount of $107,000.00, as delineated in the Agreement that Plaintiff executed on August 23, 2017. (See, First Level Appeal, attached hereto as **Exhibit D.**)

16.    On November 17, 2017, Defendant GHI issued payment in the amount of $5,312.35 for Plaintiff's treatment of Patient.

17.    On December 4, 2017, Plaintiff submitted a "Second Level Appeal" emphasizing that the agreed upon reimbursement for the subject treatment was $107,000.00, and demanding the remaining balance. (See, Second Level Appeal, attached hereto **Exhibit E.**)

18.    For the next several months, Plaintiff corresponded with representatives of each Defendant, attempting to reconcile the outstanding balance.

19.    On April 28, 2018, Defendant GHI recouped its prior payment of $5,312.35 by offsetting a subsequent and unrelated medical claim submitted by Plaintiff.

20.    On June 26, 2018, Defendant GHI issued a subsequent payment for Plaintiff's treatment of Patient in the amount of $9,109.35. (See, **Exhibit F,** attached hereto.)

21.    As Plaintiff has not received any additional payments, and the sole prior payment was recouped, the June 26, 2018 payment of $9,109.35 serves as the total payment issued by Defendants to Plaintiff for the treatment of Patient in this matter.

22.    As a result of Defendants' breach of the Agreement, a balance of $97,890.65 remains due and owing.

**First Cause of Action**
(Breach of Contract—Against All Defendants)

23.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.    The Agreement is a valid and binding contract between Plaintiff and Defendants.

25.    Plaintiff performed all of its obligations under the Agreement.

26.    Defendants breached the Agreement by failing to pay Plaintiff for the amount due and owing thereunder.

27.    Plaintiff has repeatedly demanded that Defendants abide by the terms of the Agreement, and pay the balance owed in the amount of $97,890.65; however, Defendants have failed and refused to satisfy their obligations pursuant thereto.

28.    Plaintiff has incurred, and continues to incur, costs and expenses, including attorneys' fees, in collecting the sums due under the Agreement.

29.    As a result, Plaintiff has been damaged in the amount of $97,890.65 representing the balance due and owing pursuant to the Agreement.

5

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  On the First Cause of Action, against all Defendants, for money damages in an amount to be determined at trial, but in no event less than $97,890.65, together with interest thereon; and

B.  For such other and further relief as the Court may deem just and equitable, including the costs, expenses, and attorneys' fees incurred in prosecuting this action.

Dated: New York, New York
August 15, 2018

SCHWARTZ SLADKUS
REICH GREENBERG ATLAS LLP
*Attorneys for Plaintiff*

By: _____
Michael Gottlieb
270 Madison Avenue
New York, New York 10016
(212) 743-7000

# EXHIBIT B

This is Your

## HEALTH MAINTENANCE ORGANIZATION CONTRACT

### Issued by

### Health Insurance Plan of Greater New York (hereafter referred to as "HIP")
### 55 Water Street – New York, New York 10041

This is Your individual direct payment Contract for health maintenance organization coverage issued by HIP.  This Contract, together with the attached Schedule of Benefits, applications, and any amendment or rider amending the terms of this Contract, constitute the entire agreement between You and Us.

You have the right to return this Contract.  Examine it carefully.  If You are not satisfied, You may return this Contract to Us and ask Us to cancel it.  Your request must be made in writing within ten (10) days from the date You receive this Contract.  We will refund any Premium paid including any Contract fees or other charges.

**Renewability.**  The renewal date for this Contract is January 1 of each year.  This Contract will automatically renew each year on the renewal date, unless otherwise terminated by Us as permitted by this Contract or by the Subscriber upon thirty (30) days' prior written notice to Us.

**In-Network Benefits.**  This Contract only covers in-network benefits.  To receive in-network benefits You must receive care exclusively from Participating Providers in Our **(1)**[Select Care; Prime**]** network and Participating Pharmacies in Our **(1)**[Select Care; Prime] network.  Care Covered under this Contract (including Hospitalization) must be provided, arranged or authorized in advance by Your Primary Care Physician and, when required, approved by Us. In order to receive the benefits under this Contract You must contact Your Primary Care Physician before You obtain the services, except for services to treat an Emergency or urgent Condition described in the Emergency Services and Urgent Care section of this Contract. Except for care for an Emergency Condition described in the Emergency Services and Urgent Care section of this Contract, You will be responsible for paying the cost of all care that is provided by Non-Participating Providers.

**READ THIS ENTIRE CONTRACT CAREFULLY. IT IS YOUR RESPONSIBILITY TO UNDERSTAND THE TERMS AND CONDITIONS IN THIS CONTRACT.**

This Contract is governed by the laws of New York State.

Signed for Health Insurance Plan of Greater New York

Karen Ignagni
President and CEO

# TABLE OF CONTENTS

(2)

Section I.  Definitions ................................................................. [ 3

Section II.  How Your Coverage Works........................................ [ 9
    Participating Providers ........................................................ [ 9
    The Role of Primary Care Physicians…................................. [ 9
    Services Subject to Preauthorization.................................... [10]
    Medical Necessity ............................................................... [11]
    Important Telephone Numbers and Addresses  ..................... [13]

Section III.  Access to Care and Transitional Care  ..................... [15]

Section IV.  Cost-Sharing Expenses and Allowed Amount........................ [18]

Section V.  Who is Covered ....................................................... [20]

Section VI.  Preventive Care ...................................................... [26]
Section VII.  Ambulance and Pre-Hospital Emergency Medical Services... [29]
Section VIII.  Emergency Services and Urgent Care..................... [31]
Section IX.  Outpatient and Professional Services ....................... [34]
Section X.  Additional Benefits, Equipment & Devices ................ [42]
Section XI.  Inpatient Services................................................... [49]
Section XII.  Mental Health Care and Substance Use Services .................. [53]
Section XIII.  Prescription Drug Coverage ................................... [56]
Section XIV.  Wellness Benefit .................................................. [67]
Section XV.  Pediatric Dental Care ............................................ [72]
(3)[Section XVI. Adult Dental Care ........................................... [74]]
Section (4)[XVII.]  Pediatric Vision Care .................................... [75]
(5)[Section [XVIII.]  Adult Vision Care ....................................... [76]]
Section [XIX.]  Exclusions and Limitations ................................. [77]

Section [XX.]  Claim Determinations.......................................... [80]

Section [XXI.]  Grievance Procedures,....................................... [82]
Section [XXII.]  Utilization Review ............................................. [84]
Section[ XXIII.]  External Appeal ............................................... [91]

Section [XXIV.]  Termination of Coverage ................................. [96]

Section [XXV].  Extension of Benefits........................................ [98]
Section [XXVI.] Temporary Suspension Rights for Armed Forces' Members [99]
Section [XXVII.]  Conversion Right to a New Contract after Termination... [100]

Section [XXVIII.]  General Provisions.......................................... [101]

Section [XXIX.]  Schedule of Benefits......................................... [109]
(6)[Section [XXX.]  Rider to Extend Coverage for Young Adults Through Age 29   [120]]

# SECTION XXVIII

## General Provisions

### 1. Agreements between Us and Participating Providers.

Any agreement between Us and Participating Providers may only be terminated by Us or the Providers.  This Contract does not require any Provider to accept a Member as a patient.  We do not guarantee a Member's admission to any Participating Provider or any health benefits program.

### 2. Assignment.

You cannot assign any benefits under this Contract or legal claims based on a denial of benefits to any person, corporation or other organization.  You cannot assign any monies due under this Contract to any person, corporation or other organization unless it is an assignment to Your Provider for a surprise bill.  See the How Your Coverage Works section of this Contract for more information about surprise bills.  Any assignment by You other than for monies due for a surprise bill will be void.  Assignment or legal claims based on a denial of benefits means the transfer to another person or to an organization of Your right to the services provided under this Contract or Your right to collect money from Us for those services.  However, You may request Us to make payment for services directly to Your Provider instead of You.  Nothing in this paragraph shall affect Your right to appoint a designee or representative as otherwise permitted by applicable law.

### 3. Changes in This Contract.

We may unilaterally change this Contract upon renewal, if We give You forty-five (45) days' prior written notice.

### 4. Choice of Law.

This Contract shall be governed by the laws of the State of New York.

### 5. Clerical Error.

Clerical error, whether by You or Us, with respect to this Contract; or any other documentation issued by Us in connection with this Contract; or in keeping any record pertaining to the coverage hereunder, will not modify or invalidate coverage otherwise validly in force or continue coverage otherwise validly terminated.

### 6. Conformity with Law.

Any term of this Contract which is in conflict with New York State law or with any applicable federal law that imposes additional requirements from what is required under New York State law will be amended to conform with the minimum requirements of such law.

### 7. Continuation of Benefit Limitations.

# EXHIBIT C

Scott Hollander
CHIESA SHAHINIAN & GIANTOMASI PC
Eleven Times Square, 31st Floor
New York, NY 10036
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Attorneys for Defendant
Group Health Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a<br>INTERVENTIONAL NEURO ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>GROUP HEALTH INCORPORATED and<br>MULTIPLAN INC.,<br><br>Defendants. | ECF Case<br><br>Civil Action No. _____<br><br><br>Removed from:<br>Supreme Court of the State of New York<br>County of New York<br>Index No. 157629/2018<br><br><br>**NOTICE OF REMOVAL** |

-------------------------------------------------------X

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that the defendant Group Health Incorporated ("GHI"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby petitions to remove to the United States District Court for the Southern District of New York the state court action now pending in the Supreme Court of the State of New York, County of New York, which is docketed under Index No. 157629/2018. In connection with this petition, GHI respectfully represents as follows:

**I.      Procedural History and Background:**

1.      On August 16, 2018, the plaintiff Jeffrey Farkas, M.D., LLC d/b/a Interventional Neuro Associates ("Plaintiff") filed a Complaint in the Supreme Court of the State of New York,

County of New York, against GHI and MultiPlan Inc. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint served upon GHI is attached hereto as Exhibit A.

2.      Plaintiff asserts a single cause of action related to GHI and MultiPlan Inc.'s alleged breach of contract in connection with services rendered by Plaintiff to an alleged subscriber of a health insurance plan offered by GHI.

3.      As of this date, GHI has not filed a responsive pleading in the State Court Action commenced by Plaintiff.  Therefore, the sole pleading to date is Plaintiff's Complaint.  To date, no motions have been filed and no orders have been entered.

II.    **Procedural Requirements for Removal:**

4.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of GHI's receipt, by service or otherwise, of a copy of the Summons and Complaint.  GHI received a copy of the Complaint on August 20, 2018.

5.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiff by serving a copy hereof upon its attorney by first class and electronic mail, posted on September 19, 2018.  A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, by electronic filing, posted on September 19, 2018.

6.      Co-Defendant, MultiPlan, Inc., has been provided a copy of this Notice of Removal and has consented to its filing, as evidenced by its consent to removal attached hereto as Exhibit B.

III.   **Grounds for Removal:**

7.      Removal is appropriate, pursuant to 28 U.S.C. § 1331, because this action involves a federal question.  Plaintiff's sole cause of action seeks to recover benefits due under the terms of its patient's health benefits plan, all of which are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

7819408.1

8.      Removal is also appropriate, pursuant to 28 U.S.C. § 1332, based on diversity of citizenship.  GHI and MultiPlan are both New York corporations, while Plaintiff is a New Jersey limited liability company with its principal place of business in New Jersey.  The alleged amount at issue in this action, as detailed in the State Court Action, is at least $97,890.65.

9.      Accordingly, this action is one in which this Court has original federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, and is one that may be removed to this Court by GHI pursuant to 28 U.S.C. § 1441, et seq.

10.     Venue is proper in this Court, for removal purposes only, pursuant to 28 U.S.C. § 1446(a), because this case was pending in New York, New York, and this Court is "the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 110.

11.     The removal of this action to the United States District Court for the Southern District of New York does not waive GHI's ability to assert any defense in this action, including, but not limited to, defenses based upon jurisdiction (including for failure of Plaintiff to exhaust administrative remedies), venue, insufficiency of service of process and standing.

12.     As required by 28 U.S.C. § 1446(d), GHI will provide written notice of this Notice of Removal to counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, County of New York. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

13.     If any question arises as to the propriety of the removal of this action, GHI requests the opportunity to conduct limited discovery and to present a brief oral argument in support of its position that this case is removable.

WHEREFORE, in accordance with the requirements of 28 U.S.C. § 1446, GHI removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

3

7819408.1

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Defendant
Group Health Incorporated

By: /s Scott C. Hollander _____
      SCOTT C. HOLLANDER

Eleven Times Square, 31st Floor
New York, NY 10036
(973) 530-2153
shollander@csglaw.com

Dated:  September 19, 2018


TO:     Clerk
        United States District Court
        Southern District of New York
        500 Pearl St.
        New York, New York 10007

        Clerk, Civil Term
        New York County Supreme Court
        60 Centre Street, Room 161
        New York, New York 10007

        Michael Gottlieb, Esq.
        Schwartz Sladkus Reich Greenberg Atlas LLP
        270 Madison Ave.
        New York, New York 10016

        Layna Rush, Esq.
        Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
        Chase North Tower
        450 Laurel Street
        12th Floor
        Baton Rouge, LA  70801

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | Index No. _____ |
| Plaintiff, | |
| -against- | **SUMMONS** |
| GROUP HEALTH INCORPORATED and MULTIPLAN INC., | Plaintiff designates New York County as the place of trial based upon Defendants' residence. |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED,** to answer the Complaint in this action and to serve a copy of your Answer on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the completion of service or service made in any manner other than personal delivery within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
      August 15, 2018

SCHWARTZ SLADKUS REICH
GREENBERG ATLAS LLP
*Attorneys for Plaintiff*

By: _____
Michael Gottlieb
270 Madison Avenue
New York, New York 10016
(212) 743-7000

Defendants' Addresses:

Group Health Incorporated
441 Ninth Avenue
New York, New York, 10001

MultiPlan Inc.
115 Fifth Avenue
New York, New York, 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | Index No. _____ |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| GROUP HEALTH INCORPORATED and MULTIPLAN INC., | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Jeffrey Farkas, M.D., LLC, d/b/a Interventional Neuro Associates ("Plaintiff"), by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Group Health Incorporated ("Defendant GHI"), and MultiPlan Inc. ("Defendant MultiPlan") (collectively, "Defendants"), alleges as follows:

## PARTIES

1.      Plaintiff is a New Jersey limited liability company registered to do business in the State of New York with a principal place of business at 43 Westminster Avenue, Bergenfield, New Jersey, 07261.

2.      Upon information and belief, Defendant GHI is a New York corporation with its principal place of business at 441 Ninth Avenue, New York, New York, 10001.

3.      Upon information and belief, Defendant MultiPlan is a New York corporation with its principal place of business at 115 Fifth Avenue, New York, New York, 10003.

## FACTUAL BACKGROUND

4.      Plaintiff is a medical provider comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck.

2

5.    Plaintiff's doctors perform major brain surgery in emergency, and often lifesaving, situations.

6.    Upon information and belief, Defendant GHI is primarily engaged in the business of providing and/or administering health care plans or policies.

7.    On May 23, 2017, Plaintiff's physicians performed emergency brain surgery on Defendant GHI's member, Noe S. ("Patient"), in the NYU Langone Medical Center in Brooklyn, New York, after Patient suffered a parietal lobar intracranial hemorrhage, also known as a stroke. (See, OP Report, attached hereto as **Exhibit A**.)

8.    Subsequently, Plaintiff submitted a Health Care Financing Administration ("HCFA") medical bill to Defendant GHI demanding payment for the performed treatment in the total amount of $137,386.77. (See, HCFA, attached hereto as **Exhibit B**.)

9.    As an out-of-network provider, Plaintiff does not have a network contract with Defendant GHI that would determine or limit payment for Plaintiff's treatment of Defendant GHI's members.

10.    On or around August 23, 2017, Plaintiff received a single-case agreement (hereinafter referred to as the "Agreement") from Defendant MultiPlan to accept $107,000.00 from Defendant GHI, as payment in full for Plaintiff's medical services. (See, Agreement, attached hereto as **Exhibit C**.)

11.    The Agreement specifically indicates that payment would be released "within 4 business days from date of receipt of faxed/digital signature." *Id.*

12.    The Agreement further indicates that by accepting $107,000.00 as payment in full for Plaintiff's services, Plaintiff agrees "not to balance bill the Patient for the difference between the Amount of the Claim/Bill and the Agreed Amount." *Id.*

SCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 08/16/201

13.     On August 23, 2017, Plaintiff accepted Defendant MultiPlan's proposed Agreement by signing and submitting it to Defendant MultiPlan, as per the instructions set forth in the Agreement.

14.     As of November 13, 2017, Plaintiff had still not received any payment from either Defendant for Plaintiff's treatment of Patient.

15.     Therefore, on November 13, 2017, Defendant submitted a "First Level Appeal" demanding payment in the amount of $107,000.00, as delineated in the Agreement that Plaintiff executed on August 23, 2017. (See, First Level Appeal, attached hereto as **Exhibit D.**)

16.     On November 17, 2017, Defendant GHI issued payment in the amount of $5,312.35 for Plaintiff's treatment of Patient.

17.     On December 4, 2017, Plaintiff submitted a "Second Level Appeal" emphasizing that the agreed upon reimbursement for the subject treatment was $107,000.00, and demanding the remaining balance. (See, Second Level Appeal, attached hereto as **Exhibit E.**)

18.     For the next several months, Plaintiff corresponded with representatives of each Defendant, attempting to reconcile the outstanding balance.

19.     On April 28, 2018, Defendant GHI recouped its prior payment of $5,312.35 by offsetting a subsequent and unrelated medical claim submitted by Plaintiff.

20.     On June 26, 2018, Defendant GHI issued a subsequent payment for Plaintiff's treatment of Patient in the amount of $9,109.35. (See, **Exhibit F**, attached hereto.)

21.     As Plaintiff has not received any additional payments, and the sole prior payment was recouped, the June 26, 2018 payment of $9,109.35 serves as the total payment issued by Defendants to Plaintiff for the treatment of Patient in this matter.

YSCEF DOC. NO. 1
Case 1:18-cv-08535-GM   Document 8   Filed 09/26/18   Page 24 of 31
Case 1:18-cv-08535   Document 1-1   Filed 09/19/18   Page 6 of 7
RECEIVED NYSCEF: 08/16/201

22.     As a result of Defendants' breach of the Agreement, a balance of $97,890.65 remains due and owing.

### First Cause of Action
(Breach of Contract—Against All Defendants)

23,     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.     The Agreement is a valid and binding contract between Plaintiff and Defendants.

25.     Plaintiff performed all of its obligations under the Agreement.

26.     Defendants breached the Agreement by failing to pay Plaintiff for the amount due and owing thereunder.

27.     Plaintiff has repeatedly demanded that Defendants abide by the terms of the Agreement, and pay the balance owed in the amount of $97,890.65; however, Defendants have failed and refused to satisfy their obligations pursuant thereto.

28.     Plaintiff has incurred, and continues to incur, costs and expenses, including attorneys' fees, in collecting the sums due under the Agreement.

29.     As a result, Plaintiff has been damaged in the amount of $97,890.65 representing the balance due and owing pursuant to the Agreement.

SCEF DOC. NO. 1    Case 1:18-cv-08535-GM  Document 8  Filed 09/26/18  Page 25 of 31
Case 1:18-cv-08535  Document 1-1  Filed 09/19/18  Page 25 of 31
RECEIVED NYSCEF: 08/16/201

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    On the First Cause of Action, against all Defendants, for money damages in an amount to be determined at trial, but in no event less than $97,890.65, together with interest thereon; and

B.    For such other and further relief as the Court may deem just and equitable, including the costs, expenses, and attorneys' fees incurred in prosecuting this action.

Dated: New York, New York
August 15, 2018

SCHWARTZ SLADKUS
REICH GREENBERG ATLAS LLP
*Attorneys for Plaintiff*

By:    _____
       Michael Gottlieb
       270 Madison Avenue
       New York, New York 10016
       (212) 743-7000

# EXHIBIT B

Mario D. Cometti
Nicholas A. Devyatkin
TULLY RINCKEY, PLLC
777 Third Avenue, 22nd Floor
New York, NY 10017
Telephone: (646) 201-9100
Facsimile: (646) 705-0049
Attorneys for Defendant
MultiPlan, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | | |
|---|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | : : : | ECF Case |
| | : | Civil Action No. _____ |
| Plaintiff, | : : | |
| v. | : : | Removed from: Supreme Court of the State of New York |
| GROUP HEALTH INCORPORATED and MULTIPLAN INC., | : : : | County of New York Index No. 157629/2018 |
| Defendants. | : : : | |
| | : | **NOTICE OF REMOVAL** |
| | : | |

## **CONSENT TO REMOVAL**

This day comes MultiPlan, Inc., by counsel, and hereby consents to removal of the state court action now pending in the Supreme Court of the State of New York, County of New York, which is docketed under Index No. 157629/2018 to the United States District Court for the Southern District of New York.

**TULLY RINCKEY, PLLC**
Attorneys for Defendant
MultiPlan, Inc.

By: /s Nicholas A. Devyatkin
    NICHOLAS A. DEVYATKIN

777 Third Avenue, 22nd Floor
New York, NY 10017
(646) 201-9100
NDevyatkin@tullylegal.com

Dated:  September 17, 2018


TO:    Clerk
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

Clerk, Civil Term
New York County Supreme Court
60 Centre Street, Room 161
New York, New York 10007

Michael Gottlieb, Esq.
Schwartz Sladkus Reich Greenberg Atlas LLP
270 Madison Ave.
New York, New York 10016

Scott C. Hollander
Chiesa Shahinian & Giantomasi, PC
Eleven Times Square, 31st Floor
New York, NY 10036

Layna Rush, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Chase North Tower
450 Laurel Street
12th Floor
Baton Rouge, LA  70801

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

JEFFREY FARKAS, M.D., LLC d/b/a
INTERVENTIONAL NEURO
ASSOCIATES,

         Plaintiff,

    v.

GROUP HEALTH INCORPORATED and
MULTIPLAN INC.,

         Defendants.

-------------------------------------------------------X

Index No.: 157629/2018

NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT

TO:    Clerk, Civil Term
       New York County Supreme Court
       60 Centre Street, Room 161
       New York, New York 10007

       Michael Gottlieb, Esq.
       Schwartz Sladkus Reich Greenberg Atlas LLP
       270 Madison Ave.
       New York, New York 10016

       Layna Rush, Esq.
       Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
       Chase North Tower
       450 Laurel Street
       12th Floor
       Baton Rouge, LA 70801

     PLEASE TAKE NOTICE that, on September 19, 2018, pursuant to 28 U.S.C. §§

1332, 1441, and 1446, the undersigned attorneys for defendant Group Health

Incorporated ("GHI") filed a Notice of Removal with the Clerk of the United States

District Court for the Southern District of New York to remove the above-captioned

action to the United States District Court for the Southern District of New York.

7819525.1

PLEASE TAKE FURTHER NOTICE that a copy of the filed Notice of Removal, with exhibit, and the Civil Cover Sheet, reflecting that the matter is now docketed with the United States District Court for the Southern District of New York, are annexed hereto as <u>Exhibit A</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the removal shall be effected and the state court shall proceed no further in this matter.

> **CHIESA SHAHINIAN & GIANTOMASI PC**
> Attorneys for Defendant
> Group Health Incorporated
>
>
> By:  /s Scott C. Hollander
> SCOTT C. HOLLANDER
>
> Eleven Times Square, 31st Floor
> New York, New York 10036
> (973) 530-2153
> shollander@csglaw.com

Dated:  September 19, 2018

7819525.1