**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | | |
|---|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | : | ECF Case |
| | : | |
| | : | Civil Action No. 18-cv-08535-CM |
| Plaintiff, | : | |
| | : | |
| v. | : | Removed from: |
| | : | Supreme Court of the State of New York |
| GROUP HEALTH INCORPORATED and | : | County of New York |
| MULTIPLAN INC., | : | Index No. 157629/2018 |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MULTIPLAN, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

TULLY RINCKEY, PLLC

Mario D. Cometti
441 New Karner Road
Albany, NY  12205
Telephone: (518) 218-7100
Facsimile: (518) 218-0496
Attorneys for Defendant
MultiPlan, Inc.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................. 2

      I.      The Parties ..................................................................................................... 2

      II.     Plaintiff's Allegations .................................................................................. 3

      III.    The Agreement ............................................................................................. 3

LAW AND ARGUMENT ..................................................................................................... 4

      I.      Legal Standard For Dismissal Under 12(b)(6) ............................................. 4

      II.     Plaintiff's Claims Are Completely Preempted By ERISA § 502. ................ 5

      III.    Plaintiff's State Law Claims Are Also Conflict Preempted By ERISA § 514. ............................................................................................................... 7

      IV.    MultiPlan Is Not A Proper Defendant In An Action Under ERISA. ........... 8

      V.     Plaintiff Has Failed To State A Claim For Breach Of Contract. .................. 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)...............................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................4, 9

*Chapman v. ChoiceCare Long Island Disability Plan,*
288 F.3d 506 (2 Cir. 2002)........................................................................................8

*Crocco v. Xerox Corp.,*
137 F.3d 105 (2d Cir. 1998)......................................................................................8

*In re Merrill Lynch & Co.,*
273 F.Supp.2d 351 (S.D.N.Y.2003)..........................................................................5

*J.P. Morgan Chase v. J.H. Electric of New York, Inc.,*
69 A.D.3d 802, 893 N.Y.S.2d 237.............................................................................9

*Metropolitan Life Ins. Co. v. Taylor,*
481 U.S. 58, 107 S.Ct. 1542 (1987)..........................................................................8

*Nasso v. Bio Reference Labs., Inc.*,
892 F.Supp.2d 439 (E.D.N.Y.2012) .........................................................................4

*NYSA–ILA Med. & Clinical Serv. Fund v. Axelrod*,
27 F.3d 823 (2d Cir.1994)..........................................................................................7

*Pilot Life Ins. v. Dedeaux*,
481 U.S. 41, 107 S.Ct. 1549 (1987)........................................................................5, 7

*Protocare of Metro. N.Y., Inc. v. Mutual Assn. Admns., Inc.,*
866 F.Supp. 757 (S.D.N.Y.1994)...............................................................................8

*Shaw v. Delta Air Lines, Inc*.,
463 U.S. 85, 103 S.Ct. 2890 (1983)...........................................................................7

*Snyder v. Elliot W. Dunn Co.*,
854 F.Supp. 264 (S.D.N.Y.1994)...............................................................................7

**STATUTES**

29 U.S.C. § 1132................................................................................................................5,8

29 U.S.C. § 1144(a) ...............................................................................................................7

ERISA ................................................................................................................. passim,1

ERISA § 502.....................................................................................................................5,6

ERISA § 514...................................................................................................................7, 8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 4, 9, 10

**MAY IT PLEASE THE COURT,** Defendant, MultiPlan, Inc. ("MultiPlan"), respectfully submits this Memorandum in Support of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the claim of the Plaintiff, Jeffrey Farkas, M.D., LLC d/b/a Interventional Neuro Associates ("Plaintiff") against MultiPlan in their entirety and with prejudice on the following basis: (1) Plaintiff's claim are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and MultiPlan is not a proper defendant in a claim for ERISA benefits; and (2) Plaintiff has failed to state a claim against MultiPlan upon which relief can be granted.

## PRELIMINARY STATEMENT

As Plaintiff's allegations make clear, the crux of the Complaint is that Plaintiff seeks payment for medical services it provided to a member of a group health plan administered by co-defendant, Group Health, Inc. ("GHI"). Plaintiff is seeking benefits for services rendered to a member of an employee welfare benefit plan which is governed by ERISA. Plaintiff's claim for benefits is properly addressed to the health plan, not MultiPlan. Moreover, Plaintiff's only claim against MultiPlan is for breach of contract; that claim is legally deficient, as the Agreement upon which Plaintiff's claim is based expressly states that MultiPlan is not financially responsible for any payment due the provider. Additionally, Plaintiff has failed to allege any facts whatsoever much less any specific conduct on the part of MultiPlan to establish that MultiPlan breached a term of the agreement, as is required to state a claim for breach of contract under New York law.

Accordingly, and for the reasons more fully set forth below, Plaintiff's claim against MultiPlan for breach of contract fails as a matter of law and should be dismissed with prejudice pursuant to Federal Rule 12(b)(6).

## BACKGROUND

### I.      The Parties

Plaintiff is a medical provider who specializes in the treatment of stroke, brain aneurysms, carotid disease, and vascular problems of the brain, spine and neck.  *See* Complaint, ¶ 4.  On May 23, 2017, Plaintiff's physicians performed brain surgery on a patient, Noe S., who was a member of a self-funded health plan administered by GHI.  *Id.,* ¶¶ 6 and 7.  Plaintiff does not have a contract with GHI; in other words, Plaintiff is an out-of-network provider.  *Id.,* ¶ 9.  The Plaintiff submitted a claim to GHI demanding payment of $137,386.77 for services rendered to patient Noe S.  *Id.,* ¶ 8.

MultiPlan is a New York corporation with its principal place of business in New York, New York.   MultiPlan establishes and maintains a non-risk bearing preferred provider organization.  MultiPlan is not an insurance company, third party administrator or utilization review company; it does not pay claims, determine eligibility, verify benefits nor authorize services in connection with any of the PPO or any of the cost management services it provides. These functions are performed by MultiPlan's clients, which include insurance companies, third party administrators, health plans and other organizations (typically referred to as "payors").  In addition to its PPO, MultiPlan provides a negotiation service through which it negotiates healthcare bills with providers on behalf of clients subject to specified terms and conditions. MultiPlan's fee negotiation services attempts to negotiate bills received by its client  (like GHI) from out-of-network healthcare providers (like the Plaintiff).  This service is intended to be beneficial for the payor, the healthcare provider and the patient.  If the negotiation is accepted by both the payor and the healthcare provider then the healthcare provider obtains an agreed upon payment rather than being subject to usual and customary reimbursement rates; the Plaintiff does

not face the increased cost of paying the balance of the bill from an out-of-network provider and

the payor pays a lesser amount with the assurance that its insured or member is not left paying the

balance of the bill.

## II.     Plaintiff's Allegations

In its Complaint, Plaintiff alleges that on or about August 23, 2017, it received a single

case agreement from MultiPlan to accept $107,000.00 from GHI as payment in full for Plaintiff's

medical services.  Complaint, ¶ 10.  Plaintiff contends it accepted the proposal by signing and

submitting it to MultiPlan.  Complaint, ¶ 13.  According to the Plaintiff, as of November 13, 2017,

had still not received a payment and therefore submitted a first level appeal to the health plan.  *Id.,*

¶¶ 14 and 15.  Thereafter, on November 17, 2017, GHI issued payment in the amount of $5,312.35

to the Plaintiff.  *Id.,* ¶ 16.  On December 4, 2017, Plaintiff submitted a second level appeal to the

health plan seeking additional payment.  *Id.,* ¶ 17.  On April 28, 2018, GHI recouped its prior

payment of $5,312.35 by offsetting a subsequent and unrelated medical claim submitted by the

Plaintiff.  *Id,* ¶ 19.  On June 26, 2018, GHI issued a subsequent payment to the Plaintiff in the

amount of $9,109.35.  *Id.,* ¶ 20.

## III.    The Agreement

The "Agreement,"  which was attached to and made part of the Complaint, indicates that

the payor/client "is Health Insurance Plan of Greater NY."  Thus, indicating that any payment that

is paid would be from the Health Insurance Plan of Greater NY, not MultiPlan.  The Agreement

also states:

> By signing below, the Provider agrees and acknowledges that (i) MARS and
> MultiPlan are not payors and are not financially responsible for the payments due
> to the Provider; (ii) the payment of benefits, if any, is subject to the terms and
> conditions of the patient's Plan; and (iii) this Agreement does not constitute nor

should it be construed as a guarantee of health payments by the Payor/Client. Provider retains the right to bill the Patient (or financially responsible party) for items not covered under the Patient's benefit Plan.

Thus, the document makes abundantly clear that MultiPlan is not responsible for payment of any amounts and that the Agreement does not constitute a guarantee that payment will be made by anyone.

## LAW AND ARGUMENT

### I.      Legal Standard For Dismissal Under 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). While a court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party, it need not assume the truth of conclusory allegations, as mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the complaint must contain sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft*, 556 U.S. at 678.

Where a motion to dismiss presents itself before the court, a court may examine the following: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, [and] (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint." *Nasso v. Bio Reference Labs., Inc*., 892 F.Supp.2d 439, 446 (E.D.N.Y.2012) (quoting *In re Merrill Lynch & Co.,* 273 F.Supp.2d 351, 356–57 (S.D.N.Y.2003)) (internal citations

omitted).   In the instant case, the Agreement is   referenced in Plaintiff's Complaint, and is

specifically relied upon by Plaintiff as the very basis for its sole claim for breach of contract against

MultiPlan.  It is therefore appropriate for this Court to consider the Agreement in adjudicating the

instant Motion.

**II.      Plaintiff's Claims Are Completely Preempted By ERISA § 502.**

ERISA is a "comprehensive and reticulated statute" with expressly delineated relief and

recovery mechanisms.  Those mechanisms were not created in a haphazard fashion.  Rather, they

resulted from "a decade of congressional study…of the Nation's private employee benefits

system."  For that reason, the courts have "been especially reluctant to tamper with the enforcement

scheme embodied in the statute by extending remedies not specifically authorized by its text."

Section 502(a) of ERISA, 29 U.S.C. § 1132, sets forth the exclusive civil enforcement

remedies that may be available to the Plaintiffs as assignees of ERISA beneficiaries.   Those

remedies include: (a) recovery of benefits or enforcement of benefit plan rights pursuant to Section

502(a)(1)(B); (b) "appropriate relief" for violations of ERISA Section 409, 29 U.S.C. 1109,

pursuant to Section 502(a)(2), 29 U.S.C. § 1132(a)(2); and (c) "other appropriate equitable relief"

to address violations of ERISA pursuant to Section 502(a)(3).

As the Court in *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1553 (1987),
stated:

> [T]he detailed provisions set forth a comprehensive civil enforcement scheme that
> represents a careful balancing of the need for prompt and fair claims settlement
> procedures against the public interest in encouraging the formation of employee
> benefit plans.  The policy choices reflected in the inclusion of certain remedies and
> the exclusion of others under the federal scheme would be completely undermined
> if ERISA-plan participants and beneficiaries were free to obtain remedies under
> state law that Congress rejected in ERISA.

In *Davilla v. Aetna Health*, the U. S. Supreme Court made clear that state law claims that supplement ERISA's civil enforcement scheme conflict with Congress' intent to make the ERISA remedy exclusive.  Any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted.   The *Davilla* Court explained "Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA §502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim."   The *Davila* opinion confirms that conflict preemption applies to any "state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism" because such a cause of action "conflicts with Congress' clear intent to make the ERISA mechanism exclusive."

A state law claim that falls within the scope of ERISA §502's enforcement remedy is "completely preempted."  For the claim to be completely preempted by ERISA § 502(a)(1)(B): (1) an individual, at some point in time, must have been able to bring his claim under ERISA §502(a)(1)(B), and (2) there can be no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions.   A legal duty is not independent if it "derives entirely from the particular rights and obligations established by [ERISA] benefit plans."   The question is not whether the Plaintiffs assert a claim for ERISA benefits; rather, the issue is whether the Plaintiff could have at some point assert a claim under ERISA.   Even if a Plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the Plaintiffs' pleading skills in hiding a federal question.

In the instant case, Plaintif f is seeking what is in essence payment of benefits from an ERISA plan.  Plaintiff's claim of breach of contract is based on an alleged promise that plan benefits will be paid.  There is no legal duty independent of the ERISA plan.  As such,  Plaintiff's claim is completely preempted by ERISA.

### III.    Plaintiff's State Law Claims Are Also Conflict Preempted By ERISA § 514.

ERISA also provides for "conflict" preemption when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim.  The preemption clause states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  *See* 29 U.S.C. § 1144(a).  The United States Supreme Court has held that "a [law] 'relates to' a plan in the normal sense of the phrase, if it has any connection or reference to such plan."  *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2896 (1983).

ERISA preempts all state statutes of general application and state common-law causes of action. The Second Circuit has ruled that "even where a state law has no express link to an employee benefit plan, it can be preempted 'insofar as the law applies to benefit plans in particular cases.'"  *NYSA–ILA Med. & Clinical Serv. Fund v. Axelrod*, 27 F.3d 823, 826 (2d Cir.1994) (citation omitted).  The Supreme Court has held that ERISA preempts state breach of contract claims for failure to pay benefits. *See Pilot Life,* 481 U.S. at 57, 107 S.Ct. at 1558.  *See also Snyder v. Elliot W. Dunn Co.*, 854 F.Supp. 264, 273 (S.D.N.Y.1994) ("As a matter of law all state common law claims of promissory estoppel, breach of contract or fraud are preempted by ERISA"); *Protocare of Metro. N.Y., Inc. v. Mutual Assn. Admns., Inc.,* 866 F.Supp. 757 (S.D.N.Y.1994) (state breach of contract claim is preempted by ERISA).  Thus, it is firmly established that ERISA

preempts all state law or state common law that relate to employee welfare benefit plans. ERISA's

civil enforcement provision is the exclusive vehicle for an action by an ERISA plan beneficiary

asserting claims for an improper denial of benefits. 28 U.S.C. §1132(a); *Metropolitan Life Ins. Co.*

*v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 1545–46 (1987).

In the instant case, the Plaintiffs' state law claim is premised on the allegation that it is due

payment, or benefits, from a health plan that is governed by ERISA.  Plaintiff's claim of breach of

contract relates to an employee benefit plan – the claims relate to the right to receive benefits under

the terms of the plans and affect the relationship between traditional ERISA entities.  To the extent

that Plaintiff' state law claim is not completely preempted by ERISA §502(a), it is conflict

preempted by §514.

## IV.      MultiPlan Is Not A Proper Defendant In An Action Under ERISA.

To the extent the Plaintiff is asserting a claim against MultiPlan for payment of plan

benefits, that claim is subject to dismissal on the basis that MultiPlan is not a proper defendant

under ERISA.  Pursuant to ERISA §1132(d)(2),

> Any money judgment under this subchapter against an employee benefit plan shall
> be enforceable only against the plan as an entity and shall not be enforceable against
> any other person unless liability against such person is established in his individual
> capacity under this subchapter.

The Second Circuit has held that a claim for benefits pursuant to §502(a)(1)(B) may only be

asserted by the plan itself, the plan administrator and the plan trustees.  *See Crocco v. Xerox Corp.,*

137 F.3d 105, 107 (2d Cir. 1998); *see also Chapman v. ChoiceCare Long Island Disability Plan,*

288 F.3d 506, 509-10 (2  Cir. 2002).  MultiPlan is not the plan.  Plaintiff has not alleged that

MultiPlan is a plan administrator or trustee of the plan  Plaintiff is not entitled to payment from

MultiPlan under ERISA or otherwise.

**V.      Plaintiff Has Failed To State A Claim For Breach Of Contract.**

The elements of a claim for breach of contract under New York law are the existence of a contract; plaintiff's performance of the contract; defendant's breach of that contract; and, resulting damages. *See J.P. Morgan Chase v. J.H. Electric of New York, Inc.,* 69 A.D.3d 802, 803, 893 N.Y.S.2d 237. Nothing in the Agreement states or even suggests that MultiPlan agreed to pay the Plaintiff for the services it rendered to the Plan member. In fact, the Agreement specifically states that MultiPlan is not financially responsible for the payments due to the provider. The Agreement also states that it does not constitute, nor should it be construed as, a guarantee of payment by anyone. The Agreement does not evidence a contract between Plaintiff and MultiPlan for payment.

The Plaintiff has failed to allege any facts much less identify any particular conduct on the part of MultiPlan that constitutes a breach of the Agreement. Indeed, the Plaintiff does not even identify the specific contractual provisions that MultiPlan allegedly breached. Such thread bare conclusions are insufficient to sustain Plaintiff's breach of contract claim and cannot survive a motion to dismiss. *See Twombly,* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than legal conclusions, and a formulaic recitation of the elements of a cause of action will not do.") The sole claim asserted by Plaintiff against MultiPlan is a breach of contract; Plaintiff has not pled a claim for breach of contract against MultiPlan. Indeed, Plaintiff has not even alleged facts that demonstrate a contract. As such, Plaintiff's claims against MultiPlan for breach of contract are subject to dismissal for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, MultiPlan requests that its Motion to Dismiss be granted and

that Plaintiff's Complaint be dismissed in its entirety and with prejudice, as the Defendant

MultiPlain in accordance with Federal Rules of Civil Procedure 12(b)(6).


Dated:  Albany, New York
        September 19, 2018


                              **TULLY RINCKEY, PLLC**
                              Attorneys for Defendant
                              MultiPlan, Inc.

                              By: /s Mario D. Cometti
                                   MARIO D. COMETTI

                              441 New Karner Road
                              Albany, NY  12205
                              Telephone: (518) 218-7100
                              mcometti@tullylegal.com

                              Attorneys for Defendant
                              MultiPlan, Inc.