UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, | The Honorable Colleen McMahon |
|  | Civil Action No.: 1:18-cv-08535-CM-KHP |
| Plaintiff, | |
| v. | |
| GROUP HEALTH INCORPORATED and MULTIPLAN INC., | Oral Argument Requested |
| Defendants. | |

---

**DEFENDANT GROUP HEALTH INCORPORATED'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ  07052
(973) 325-1500

11 Times Square
New York, New York 10036
(212) 973-0572
Attorneys for Defendant
Group Health Incorporated

On the Brief:

Adam K. Derman
Scott C. Hollander

i

7929826.2

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

LEGAL ARGUMENT ............................................................................................... 3

POINT I  PLAINTIFF'S COMPLAINT SATISFIES THE DAVILA TEST AND
THEREFORE PLAINTIFF'S SINGLE STATE LAW CAUSE OF
ACTION SHOULD BE PREEMPTED........................................................ 3

      A.    PLAINTIFF IS THE TYPE OF PARTY THAT CAN BRING A
CLAIM UNDER ERISA. ..................................................................... 4

      B.    PLAINTIFF'S CLAIMS CAN BE CONSTRUED AS A
COLORABLE CLAIM FOR BENEFITS UNDER ERISA ................................. 6

CONCLUSION.......................................................................................................... 8

7929826.2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aetna Health Inc. v. Davila,
  542 U.S. 200 (2004) .......................................................................................... *passim*

Kennedy v. Conn. Gen. Life Ins. Co.,
  924 F.2d 698 (7th Cir. 1991) ........................................................................5

Montefiore Med. Ctr. V. Teamsters Local 272,
  642 F.3d 321 (2011) ...........................................................................2, 3, 4, 6

Neuroaxis Neurosurgical Associates, PC v. Costco Wholesale Co.,
  919 F. Supp. 2d 345 (S.D.N.Y. 2013) ...........................................................5

North Shore-Long Island Jewish Health Care Sys. v. Multiplan, Inc.,
  953 F. Supp. 2d 419 (E.D.N.Y. 2013) ...........................................................5

North Shore-Long Island Jewish Health Sys., Inc. v. Local 272 Welfare Fund,
  No. 12-cv-1056, 2013 U.S. Dist. LEXIS 8122 (S.D.N.Y. Jan. 15, 2013) ................................5

Star Multi Care Services, Inc. v. Empire Blue Cross Blue Shield,
  6 F. Supp. 3d 275 (E.D.N.Y. 2014) ...........................................................5

**Statutes**

ERISA ........................................................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1

7929826.2

PRELIMINARY STATEMENT

Defendant Group Health Incorporated ("GHI") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Complaint of the Plaintiff Jeffrey Farkas, M.D., LLC, d/b/a Interventional Neuro Associates ("Plaintiff" or "Farkas") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth in GHI's Moving Brief [Dkt. 7], as well as those discussed herein, GHI respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice.

As set forth in GHI's Moving Brief, Plaintiff, an "out-of-network" medical provider, filed this action against GHI and co-defendant MultiPlan, Inc. ("MultiPlan") seeking payment for additional benefits pursuant to a health benefits plan issued by GHI to which Plaintiff's patient ("Noe S." or "Patient") is a member/beneficiary.  Plaintiff's Opposition Brief is premised on the fact that GHI and/or MultiPlan did not process the benefits claims made by Plaintiff (related to services rendered to the Patient) in the normal course, but rather submitted a proposed "single-case" agreement to Plaintiff, whereby Plaintiff would accept a reduced rate in return for not balance billing the patient.  Plaintiff claims that, because Defendants allegedly offered this "single-case agreement" in lieu of making payment through the normal insurance benefits process, Plaintiff's demand for payment is not a colorable claim for benefits under ERISA, and therefore not subject to preemption.  Such an argument defies credibility and must fail for two main reasons.

First, Plaintiff's actions clearly demonstrate that it understood that any payment it received from Defendants would be processed through the Patient's health benefits plan and not as a result of the "single-case agreement" it allegedly entered into with GHI and/or MultiPlan. By way of example, Plaintiff filed a First Level Appeal and a Second Level Appeal with GHI seeking payment on the health insurance claims it had submitted.  Had Plaintiff truly believed

that it no longer had a colorable claim for benefits under ERISA, it would not have gone through the formal insurance appeals process in order to receive reimbursement, since the "single-case agreement" rather than the terms of the health benefits plan governed.  As Plaintiff knew that any payment it received would be pursuant to the terms of the Patient's health benefits plan, and not the "single-case agreement," it is plainly evident that this is a colorable claim for benefits under ERISA.  Plaintiff's actions clearly demonstrate that the matter at hand is one related to the routine submission and payment of health benefits claims, an ERISA plan function.

Second, there can be no doubt that the dispute at issue here is one related to the "right to payment" rather than the "amount of payment," and therefore under the applicable law in this Circuit, Plaintiffs state law cause of action is preempted by ERISA.  It is well-settled law that a claim involves the "right to payment" when it implicates coverage and benefits established by the terms of the ERISA benefit plan, and involves the "amount of payment" when it involves the computation of contract payments or the correct execution of such payments.  This distinction is critical because causes of action wherein a provider is seeking to establish its "right to payment" can be preempted by ERISA, while disputes regarding the "amount of payment" a provider will receive will not preempted by ERISA.  Here, Plaintiff has received $9,109.35 in payments from GHI per the terms of the Patient's health benefits plan.  Plaintiff is not satisfied with the amount it has received, and has brought the instant action in order to recover additional payment in connection with the medical services it provided to the Patient, a GHI insured.  This is the very essence of an ERISA managed care function – the receipt and payment of health insurance claims.  No payment has been made pursuant to the "single-case agreement," and GHI has processed payment to Plaintiff in the normal course pursuant to the Patient's health benefits plan. Plaintiff's single state law breach of contract cause of action is nothing more than an attempt to

2

receive additional reimbursement under the Patient's health benefits plan, and as such, should be preempted by ERISA.

On the basis of the foregoing, GHI's motion to dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT SATISFIES THE DAVILA TEST AND THEREFORE PLAINTIFF'S SINGLE STATE LAW CAUSE OF ACTION SHOULD BE PREEMPTED

Plaintiffs' Opposition Brief essentially puts forth a single argument against preemption – namely that its single state-law breach of contract cause of action does not satisfy prong one of the test for ERISA preemption promulgated in the seminal case of See Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).  In Aetna Health Inc. v. Davila, the Supreme Court established a two-pronged test to determine whether a state-law claim is completely preempted by ERISA § 502(a)(1)(B) (the "Davila" test). Id. at 209-10. The Davila test is conjunctive—a state-law claim is completely preempted by ERISA only if both prongs of the test are satisfied. See Montefiore Med. Ctr. V. Teamsters Local 272, 642 F.3d 321, 328 (2011). Under the first prong, preemption is appropriate only if the claim is brought by "an individual [who], at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)."  See Davila, 542 at 210. In making this determination, courts consider: (1) whether the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B) and also (2) whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B).  See Montefiore, 642 F.3d at 328. Under the second prong of the Davila test (which Plaintiff does not argue and therefore

admits is satisfied here)[1], the claim must involve "no other independent legal duty that is implicated by a defendant's actions."  See Davila, 542 U.S. at 210.

Here, it is abundantly clear that Plaintiff completely satisfies the first prong of the Davila test in that (i) Plaintiff (on assignment of benefits from the Patient) is precisely the type of party that can bring an ERISA claim; and (ii) Plaintiff's claim can be seen as nothing more than a colorable claim for benefits under the ERISA health benefits plan issued by GHI.  Therefore, given that the Davila test is completely satisfied, Plaintiff's state law breach of contract claim is preempted and must be dismissed.

### A.    Plaintiff is the Type of Party that can Bring a Claim Under ERISA.

The first step in the Davila analysis is to determine whether Plaintiff is "the type of party that can bring a claim pursuant to § 502(a)(1)(B)." See Montefiore, 642 F.3d at 328.  Under § 502(a), a civil action may be brought "by a participant or beneficiary" of an ERISA plan to recover benefits due to him under the terms of that plan. See 29 U.S.C. § 1132(a)(1)(B). ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Id. § 1002(2)(B)(8). Although § 502(a) is narrowly construed to permit only the enumerated parties to sue directly for relief, courts have "'carv[ed] out a narrow exception to the ERISA standing requirements' to grant standing 'to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care.'"  See Montefiore, 642 F.3d at 329 (quoting Simon v. Gen. Elec. Co., 263 F.3d 176, 178 (2d Cir. 2001)).

---

[1] Inasmuch as Plaintiff's Opposition Brief does not address the second prong of the Davila test, GHI will treat it as admitted for purposes of establishing ERISA preemption.

Here, Plaintiff does not dispute that it possesses an assignment of benefits from its patient that would permit it to sue GHI. Instead, Plaintiff contends that the presence of an "anti-assignment" provision in the insurance contract *may* apply, and because the Second Circuit enforces anti-assignment provisions like the one in the health benefits plan at issue here, the assignment Plaintiff possesses *may* not confer it standing to sue. (Opposition Brief, p. 7). This argument (which Plaintiff freely acknowledges requires further clarity) is not supported by well-settled law in this Circuit, or the facts at issue here. The Courts in this Circuit have routinely held that an assignment of benefits is enough to meet the first prong of <u>Davila</u>. <u>See</u> <u>Star Multi Care Services, Inc. v. Empire Blue Cross Blue Shield</u>, 6 F. Supp. 3d 275, 286 (E.D.N.Y. 2014) (holding that the first step of the first prong of the <u>Davila</u> test is satisfied when a beneficiary has assigned his or her rights to the provider in exchange for medical care); <u>North Shore-Long Island Jewish Health Care Sys. v. Multiplan, Inc.</u>, 953 F. Supp. 2d 419, 436 (E.D.N.Y. 2013); <u>North Shore-Long Island Jewish Health Sys., Inc. v. Local 272 Welfare Fund</u>, No. 12-cv-1056, 2013 U.S. Dist. LEXIS 8122, at *2 (S.D.N.Y. Jan. 15, 2013). Further, even an invalid assignment can confer a colorable claim of derivative standing to sue under ERISA. <u>See</u> <u>Kennedy v. Conn. Gen. Life Ins. Co.</u>, 924 F.2d 698, 700 (7th Cir. 1991) (emphasis added); <u>Neuroaxis Neurosurgical Associates, PC v. Costco Wholesale Co.</u>, 919 F. Supp. 2d 345, 351 (S.D.N.Y. 2013) (relying on <u>Kennedy</u> to hold that invalid assignments can confer a colorable claim of derivative standing to sue under ERISA).

In addition to the overwhelming law in this Circuit, the facts present here do not support Plaintiff's argument that it *may* not be the type of party that can bring a claim. To that end, it cannot be ignored that Plaintiff (and not the Patient) submitted First and Second Level Appeals to GHI seeking additional reimbursement. (<u>See</u> Complaint, Annexed to the Hollander Decl. in

5

Support of GHI's Motion to Dismiss, Exhibit A, ¶¶15 and 17).   Plaintiff, an out-of-network provider (with no relationship with GHI) who is not a plan participant or beneficiary, would have no right to file appeals to GHI unless it was doing so pursuant to an assignment of benefits from its Patient.   Here, Plaintiff purportedly obtained an assignment of benefits and utilized the assignment to pursue additional reimbursement via its Patient's health benefits plan.  (Opposition Brief, ps. 6-7).  For Plaintiff to now argue that it may not be the type of party that can bring a claim under ERISA, when for months it represented to GHI that could seek reimbursement from GHI, is disingenuous and unsupported by law and fact. Based on the foregoing, Plaintiff satisfies step one of the first prong of the Davila test.

> **B.**   **Plaintiff's Claims Can Be Construed as a Colorable Claim for Benefits Under ERISA**

The second step of prong one of the Davila test is satisfied when "the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits" under ERISA.  See Montefiore, 642 F.3d at 329.   A colorable claim for benefits under ERISA exists when the claim "implicates coverage and benefits determinations as set forth by the terms of the ERISA benefit plan ...." Id. at 331. A court must examine the degree to which the "actual claims asserted seek enforcement of specific provisions of the Plan, 'implicate coverage and benefits established by the terms of the ERISA benefit plan,' and 'can be construed as … colorable claim[s] for benefits pursuant to § 502(a)(1)(B)'"). Id. at 328.

The Second Circuit in Montefiore adopted the "right to payment" versus "amount of payment" distinction to determine whether there is a colorable claim for benefits pursuant to ERISA.  Id.  The distinction between "right to payment" as compared to "amount of payment" can be explained as follows:  if the claims made involve the "right to payment" – namely that the claims implicate coverage and benefits established by the terms of the ERISA benefit plan – then

6

step two of <u>Davila</u> prong one would be met and (assuming the remainder of the <u>Davila</u> test is met) a state law cause of action would be preempted by ERISA.  In contrast, if the central disputed issue is the amount to which the insurer is to pay pursuant to its contractual obligations (as compared to the terms of the ERISA benefits plan), the dispute is one related to the "amount of payment" and therefore step two of <u>Davila</u> prong one would not be met (and the cause of action would not be preempted by ERISA).  At its core, the question is whether the claims raised by the provider will be evaluated and potentially paid pursuant to the terms and coverage in the health benefits plan, or pursuant to the terms of a contract between the parties.

Here, there can be no doubt that the dispute at issue here is one related to the "right to payment" rather than the "amount of payment." Plaintiff has received $9,109.35 in payments from GHI per the terms of the Patient's health benefits plan. (<u>See</u> Complaint, Annexed to the Hollander Decl. in Support of GHI's Motion to Dismiss, <u>Exhibit A</u>, ¶20).  The reason GHI has not made payment of the full amount billed by Plaintiff is that they have made certain coverage determinations under the relevant terms of the health benefits plan.  GHI has never agreed to the amount Plaintiff is to be paid, or entered into <u>any</u> agreement with Plaintiff.  Stated simply, Plaintiff is not satisfied with the amount it has received, and has brought the instant action in order to recover additional payment in connection with the medical services it provided to the Patient, a GHI insured.  This is the very essence of an ERISA managed care function – the receipt and payment of health insurance claims.

The only support Plaintiff has for its contention that its claim involves the "amount of payment" rather than the "right of payment" is that Plaintiff signed a "single-case agreement" that obligates GHI to pay a sum certain for the services rendered to the Patient.  (Opposition Brief, p. 9).  However, GHI did not draft the "single-case agreement", execute the single-case

7

agreement, or expressly authorize it.  Further and more importantly, GHI never made any payments to Plaintiff pursuant to the "single-case agreement."  Instead, the $9,109.35 paid by GHI to Plaintiff was pursuant to the terms of the health benefits plan; therefore any dispute regarding further amounts due and owing fall into the "right to payment" category and not the "amount of payment" category.  Therefore, GHI has satisfied the second step of prong two of the <u>Davila</u> test.

CONCLUSION

For the foregoing reasons, defendant GHI's motion should be granted and the Plaintiff's Complaint should be dismissed with prejudice.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Defendant
Group Health Incorporated


By:   s/ Adam K. Derman
        ADAM K. DERMAN

Dated:  November 7, 2018